UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
FILED
JAN 2 0 2011
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 7:09-CR-13-S-GVT

DWAUNE GRAVELY,
    aka DEUCE

\* \* \* \* \*

THE GRAND JURY CHARGES:

## COUNT 1
## 18 U.S.C. § 1117

On or about November 12, 2006, in Martin County, in the Eastern District of Kentucky,

**DWAUNE GRAVELY,
aka DEUCE,**

at a place within the special maritime and territorial jurisdiction of the United States, that is, the United States Penitentiary, Big Sandy, did knowingly conspire and agree with Darryl Marcus Milburne to willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Shamoni Peterson, all in violation of 18 U.S.C. § 1111(a) and (b).

### OVERT ACTS

In furtherance of the conspiracy and in order to effect the objects thereof, one or more

of the conspirators performed the following overt acts in the Eastern District of Kentucky:

(1)   On November 12, 2006, a USP Big Sandy correctional officer asked Milburne and **GRAVELY** if another inmate, Shamoni Peterson, could be placed in their cell. **GRAVELY** told the CO that Peterson could be placed in his cell.

(2)   Shortly after the conversation with the correctional officer, **GRAVELY** told Milburne that he (**GRAVELY**) and Milburne were going to kill Peterson.

(3)   After Peterson was placed in the cell, **GRAVELY** and Milburne attacked Peterson while he was sitting on the toilet in the cell. During the attack, **GRAVELY** and Milburne beat Peterson, eventually knocking him to the floor.

(4)   After beating Peterson, Milburne forcibly covered Peterson's mouth and nose until he stopped breathing.

All in violation of 18 U.S.C. § 1117.

## COUNT 2
### 18 U.S.C. § 1111(a) and (b)

On or about November 12, 2006, in Martin County, in the Eastern District of Kentucky,

**DWAUNE GRAVELY,**
**aka DEUCE,**

at a place within the special maritime and territorial jurisdiction of the United States, that is, the United States Penitentiary, Big Sandy, did willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Shamoni Peterson, by beating and suffocating him, all in violation of 18 U.S.C. § 1111(a) and (b).

2

## COUNT 3
## 18 U.S.C. § 113(a)(6)

On November 12, 2006, in Martin County, in the Eastern District of Kentucky,

**DWAUNE GRAVELY,**
**aka DEUCE,**

at a place within the special maritime and territorial jurisdiction of the United States, that is, the United States Penitentiary, Big Sandy, did assault inmate Shamoni Peterson, resulting in serious bodily injury to inmate Peterson, all in violation of 18 U.S.C. § 113(a) (6).

## COUNT 4
## 18 U.S.C. § 1512(k)

On or about November 12, 2006, and continuing to November 13, 2006, in Martin County, in the Eastern District of Kentucky,

**DWAUNE GRAVELY,**
**aka DEUCE,**

knowingly and wilfully conspired and agreed with Darryl Marcus Milburne to violate the laws of the United States, that is, to corruptly alter, destroy, mutilate, and conceal objects with the intent to impair the objects' availability and integrity for use in an official proceeding, in violation of 18 U.S.C. §1512(c)(1).

### OVERT ACTS

In furtherance of the conspiracy and in order to effect the objects thereof, one or more of the conspirators performed the following overt acts in the Eastern District of Kentucky:

(1) **GRAVELY** and Milburne moved Shamoni Peterson's body about within cell 240

3

so that it would appear to correctional officers that Peterson was alive and sleeping to conceal Peterson's death.

(2) **GRAVELY** and Milburne cleaned the body of Shamoni Peterson to alter, destroy, mutilate, conceal and impair the integrity of his body in any subsequent investigation and official proceeding into the death of Peterson.

(3) **GRAVELY** and Milburne placed a razor blade in the sock of Shamoni Peterson to conceal, alter and destroy the circumstances of Shamoni Peterson's death and to impair the integrity of any subsequent investigation and official proceedings into the death of Peterson.

(4) **GRAVELY** and Milburne removed bloody clothing from the body of Shamoni Peterson to alter, destroy, mutilate, conceal and impair the integrity of any subsequent investigation and official proceedings into the death of Peterson.

(5) **GRAVELY** and Milburne requested a garbage bag(s) within which to put Shamoni Peterson's bloody clothing to conceal alter, destroy, mutilate, and conceal the bloody clothing to impair their availability and integrity for use in any subsequent official proceeding into the death of Peterson.

(6) **GRAVELY** and Milburne handed a garbage bag(s) out of cell 240, which garbage bag(s) contained Shamoni Peterson's bloody clothing, to correctional officers to alter, destroy, and conceal his bloody clothing to impair the bloody clothing's availability and integrity for use in any subsequent investigation and official proceedings into the death of Peterson.

(7) When a correctional officer asked **GRAVELY** if he or any of the other inmates in cell 240 wanted to have recreation early on the morning of November 13, 2006, **GRAVELY** answered "No" to prevent the correctional officer from opening the cell door and discovering that Peterson was dead.

All in violation of 18 U.S.C. § 1512(k).

## COUNT 5
### 18 U.S.C. § 1512(c)(1)
### 18 U.S.C. § 2

On November 12, 2006, in Martin County, in the Eastern District of Kentucky,

**DWAUNE GRAVELY,**
**aka DEUCE,**

aiding and abetting another, did corruptly alter, destroy, mutilate, and conceal objects, to wit, the body and clothing of inmate Peterson, with the intent to impair their integrity or availability for use in an official proceeding, that is, **DWAUNE GRAVELY, aka DEUCE,** assisted in removing soiled clothing from inmate Peterson's body, assisted in moving Peterson's body within cell 240, notified a correctional officer that a trash bag was needed so that trash could be removed from cell 240, assisted in placing inmate Peterson's soiled clothing in a trash bag, and assisted in having the trash bag removed from cell 240, all with the intent to impede and impair the availability and integrity of the body and clothing of inmate Peterson in any grand jury investigation and prosecution in the United States District Court for the Eastern District of Kentucky regarding the murder of inmate Peterson, all in violation of 18 U.S.C. § 1512(c)(1) and § 2.

## COUNT 6
## 18 U.S.C. § 4

On or about November 12, 2006, in Martin County, in the Eastern District of Kentucky,

**DWAUNE GRAVELY,
aka DEUCE,**

having knowledge of the actual commission a felony cognizable by a court of the United States, to wit, the murder of inmate Peterson by Darryl Marcus Milburne, aka Beast, did conceal the same by assisting in removing soiled clothing from inmate Peterson's body, by assisting in moving Peterson's body within cell 240, by notifying a correctional officer that a trash bag was needed so that trash could be removed from cell 240, by assisting in placing inmate Peterson's soiled clothing in a trash bag, and by assisting in having the trash bag removed from cell 240, and did not as soon as possible make known the same to some judge or other person in authority, to wit, a correctional officer of the United States Department of Justice, Bureau of Prisons, or an agent of the United States Department of Justice, Federal Bureau of Investigation, that Milburne had killed Peterson, all in violation of 18 U.S.C. § 4.

A TRUE BILL

_____
FOREPERSON

_____
KERRY B. HARVEY
UNITED STATES ATTORNEY

6

## PENALTIES

**COUNT 1:** Life imprisonment, $250,000 fine, and 5 years of supervised release.

**COUNT 2:** Life imprisonment, $250,000 fine, and 5 years of supervised release.

**COUNT 3:** Not more than 10 years imprisonment, $250,000 fine, and 3 years of supervised release.

**COUNT 4:** Not more than 20 years imprisonment, $250,000 fine, and 3 years of supervised release.

**COUNT 5:** Not more than 20 years imprisonment, $250,000 fine, and 3 years of supervised release.

**COUNT 6:** Not more than 3 years imprisonment, $250,000 fine, and 3 years of supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.