UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Crim No.: 7:9-cr-13-GFVT-EBA-2 Related Civil No.: 7:13-cv-7271-GFVT-EBA |
| V. | ) ) | |
| DWAUNE GRAVLEY, | ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on the Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 398.] The Defendant, Dwaune Gravley, has filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [R. 364] and a supplemental § 2255 Motion to Vacate, Set Aside, or Vacate his Sentence [R. 387]. Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny both § 2255 motions in their entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not

permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Gravley filed timely objections to the Recommended Disposition. [R. 399.] The Court acknowledges its duty to review Gravley's filings under a more lenient standard than the one applied to attorneys because Gravley is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Gravley's objections will be **OVERRULED**.

**I**

Judge Atkins's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record into this Order.

On January 20, 2011, while an inmate at USP Big Sandy, Dwaune Gravley was charged with one count of first degree murder in violation is of 18 U.S.C. § 1111(a) and (b); one count of conspiracy to commit murder in violation of 18 U.S.C. § 1117; and four additional counts relating to the murder of fellow inmate Shamoni Peterson. [R. 190.] He was found guilty by a jury on all counts on April 1, 2011 [R. 297] and was sentenced to life in prison on September 8, 2011 [R. 329].

Gravley appealed to the Sixth Circuit and the judgment of this Court was upheld on October 15, 2014. [R. 379.] On April 1, 2013, Gravley filed his first Motion to Vacate pursuant to § 2255 and filed a supplemental § 2255 on February 1, 2016. [R. 364; R. 387.] After briefing,

Magistrate Judge Atkins issued a Report and Recommendation on June 23, 2017, recommending that all of Gravley's claims be dismissed. [R. 398.] Gravley has objected to that Recommendation. [R. 399.]

**II**

Judge Atkins outlined Gravley's ten claims as follows:

> (1) prosecution witness Paul Woods allegedly perjured himself at Gravley's trial; (2) the prosecution committed misconduct by failing to correct the perjured testimony of Paul Woods; (3) appellate counsel Kevin Schad was ineffective by failing to object to the perjury and the government's failure to correct transcripts on appeal; (4) the prosecution committed a Brady violation by not disclosing to Gravley "exculpatory information," in reports indicating that prosecution witness Darone Crawford suffered from mental health issues; (5) counsel Stephen Milner was ineffective by advising that he would take no further action in the case until the District Court ruled on Gravley's motion to proceed *pro se*; (6) counsel Milner made racially disparaging remarks about Gravley to another client; (7) counsel Milner was ineffective by providing only "token representation;" (8) appellate counsel Scott Williamson was ineffective by failing to inform Gravley he was no longer working on his appeal after being found guilty of unprofessional conduct in another matter; (9) appellate counsel Kevin Schad was ineffective by failing to raise valid issues on direct appeal, including alleged perjury, prosecutorial misconduct, and suppression of evidence; and (10) Gravley has discovered new evidence of prosecutorial misconduct, in a 2007 Bureau of Prisons report stating that there was a lack of evidence to charge him with murder at that time.

[R. 398 at 6.] Judge Atkins thoughtfully considered each of these claims and this Court is in agreement with his conclusions. We now turn to Gravley's specific objections to the R&R.

**A**

Gravley's first objection is that the Magistrate Judge did not address Gravley's claim that there "may be errors in the transcripts." [R. 399 at 1.] Gravley is correct that Judge Atkins inadvertently did not directly address this complaint in his Recommended Disposition, so the Court addresses it de novo now.

Gravley does not state exactly what types of errors are in the transcripts, but references the Government's briefing from the Sixth Circuit.  Brief of the Plaintiff-Appellee, *United States v. Gravley*, 587 F. App'x 899, 917 (6th Cir. 2014).  The passage Gravley quotes in part states:

> According to Gravley, Woods's testimony was false because Woods is serving a life sentence on charges for money laundering and conspiracy to distribute cocaine, not "juror conspiracy." . . . However, it is unclear that this testimony is, in fact, false testimony, and not just the result of a transcription error.

*Id*. at 63.  Though Judge Atkins did not address this specific passage, he did, however, analyze Gravley's claims that Woods perjured himself, which is relevant here.  Judge Atkins noted that the Sixth Circuit has already addressed

> Gravley's arugment concerning Woods's alleged perjured testimony:  Gravley relies on two excerpts from Woods's testimony, having to do with (1) Woods's testimony before the grand jury in Tennessee and (2) Woods's representation that he was serving a life sentence for "[j]uror conspiracy" instead of "conspiracy to distribute cocaine." On both scores, Gravley's claim fails because even if he can establish the testimony's falsity and the Government's knowledge of the falsity, the testimony was not material.
> . . .
> There is some question as to whether Woods's representation that he never had testified against anyone was false, and, if so, whether the Government knowingly presented it as such. Assuming *arguendo* that the testimony was false, however, and crediting Gravley's accusation that the Government was aware of the falsity, Gravley's claim still fails. As the District Court explained when it denied [Gravley]'s motion for a new trial, any impeachment of Woods would have been of limited value because other witnesses corroborated Woods's testimony and because the Government offered other evidence of Gravley's guilt. Accordingly, *Woods's testimony, true or false, was not material*.

*Gravley*, 587 F. App'x at 917 (emphasis added).  This Court and the Sixth Circuit have both addressed Woods's alleged perjury that Gravley raises again here.  His testimony was not material to Gravley's conviction, this Court and the Sixth Circuit have already decided this issue, and Gravley's first objection is overruled.

**B**

Gravley's second objection to the Recommended Disposition is that Judge Atkins did not

address the Prosecutor's statement that Woods was a "crucial" witness. This objection is similar enough to his first objection that part of the analysis can be incorporated here.

"To prove that the prosecutor's failure to correct false testimony violated due process rights, a petitioner must demonstrate that: (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Rosencrantz v. Lafler*, 568 F.3d 577, 583–84 (6th Cir. 2009). To assess the materiality of the statement, the Court asks if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Rosencrantz*, 568 F.3d at 584.

As already discussed by this Court and Judge Atkins, the Sixth Circuit has already decided that Woods's testimony, whether perjured or not, was not material to Gravley's conviction. In order to be a violation of due process, Woods's testimony must have been material, that, had it been disclosed to Gravley, the result of his trial would have been different. Whether or not the prosecutor said Woods's testimony was "crucial" or "material" is not part of the analysis employed by this Court or the Sixth Circuit. The prosecutor's commentary is irrelevant and does not persuade this Court. Gravley's second objection is overruled.

## C

Gravley's third objection is that the prosecutor withheld information that he knew Woods was not on a flight with Milburne, Gravley's co-defendant. Gravley presents no proof of this fact. Instead, Gravley has submitted a Freedom of Information Act request response he received from United States Citizen and Immigration Services. [R. 387-3.] In the FOIA, Gravley requested information about the flight shared by Woods and Milburne. Not surprisingly, USCIS had no record of such a flight. There is no basis for relief here or Gravley's objections. Accordingly, his third objection is dismissed.

# III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's thorough analysis of Gravley's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel,* 529 U.S. 473, 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Gravley's Objections to the Recommended Disposition [R. 399] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [R. 398] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate [R. 364] and his Supplemental § 2255 Motion to Vacate, Set Aside, or Correct his Sentence [R. 387] are **DISMISSED WITH PREJUDICE**;

4. Defendant's Motion for Reconsideration is **DENIED** as **MOOT** [R. 369] and Mr. Gravly is directed that he may file a § 2241 petition in the correct jurisdiction if he so chooses;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 18th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge