UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim No.: 7:9-cr-13-GFVT-EBA-2 |
| | ) | Related Civil No.: 7:13-cv-7271-GFVT-EBA |
| V. | ) | |
| | ) | |
| DWAUNE GRAVLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Motion for a New Trial and/or to Dismiss his indictment with prejudice, brought pro se by the Defendant Dwaune Gravley. [R. 341.] For the reasons set forth below, Gravley's motions will be denied.

# I

## A

This case arises out of events that occurred at U.S.P. Big Sandy several years ago. On November 13, 2006, Shamoni Peterson was found dead in cell D-240 in the Special Housing Unit. [R. 68 at 1.] Peterson had been transferred to that cell from another unit the day before. [*See id*.] At the time of his transfer and death, the cell was also occupied by Darone Crawford, Darryl Marcus Milburne, and Dwaune Gravley. [*Id*.] Milburne and Gravley were ultimately charged with the murder. Milburne pled guilty to second degree murder. Crawford was not charged and testified for the government against Gravley. Gravley proceeded to trial on all counts.

The six-count Superseding Indictment [R. 190] charged Gravley with conspiracy to commit murder, in violation of 18 U.S.C. § 1117; first degree murder, in violation of 18 U.S.C. § 1111(a); assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6); conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k); obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1); and misprision of a felony, in violation of 18 U.S.C. § 4. The jury convicted him on all counts. [*See* R. 297.] Gravley's first motion for a new trial was denied. [R. 316.]

**B**

Construing Gravley's claims liberally as a pro se filer, this Court assumes he has filed a Rule 33 Motion for New Trial. Rule 33 establishes that "[u]pon the defendant's motion, [a district] court may vacate any judgment and grant a new trial if the interest of justice so requires." *U.S. v. Munoz*, 605 F.3d 359, 373 (6th Cir.2010); see also Fed.R.Crim.P. 33(a). The phrase "interest[ ] of justice" is not defined within the rule, and courts have had marginal success in trying to "generalize its meaning." *Id.* (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir.1989)). Still, several themes remain constant in the Rule 33 context. The conventional use of a Rule 33 motion "is to seek a new trial on the ground that 'the [jury's] verdict was against the manifest weight of the evidence.'" *Id.* (quoting *United States v. Crumb*, 187 Fed.Appx 532, 536 (6th Cir.2006)); see also *United States v. Legette–Bey*, 147 Fed.App'x 474, 486 (6th Cir.2005); *United States v. Graham*, 125 Fed.App'x 624, 628 (6th Cir.2005); *United States v. Solorio*, 337 F.3d 580, 589 n. 6 (6th Cir.2003). Finally, "[w]ith a Rule 33(a) motion for new trial on the ground that the verdict is against the weight of the evidence, the power of a court is much broader because a court may weigh the evidence and consider the credibility of the witnesses." *U.S. v. Dimora*, 879 F.Supp.2d 718, 724 (N.D.Ohio 2012).

## II

Gravley makes four arguments for a new trial. The first is that Shumacker testified falsely by not stating that the duress alarms have lights in Big Sandy USP. The second is that Woods stated at a detention hearing he had no comment when asked if he had perjured himself. The third that Ms. Canastor did not adequately describe a plea agreement from the United States Attorney's Office. The fourth is that the prosecutors represented to the Detention Hearing Officer that Dr. Roff, the Government's witness, does not exist. [*See* R. 341 at 2.]

Throughout Gravley's request, he makes various factual claims that should be supported by evidence in the record or attached to his motion. Gravely does neither, except occasional references to "exhibit A" and "exhibit B." Gravley filed no exhibits with his motion for a new trial and the record in this case contains nearly 400 docket entries. This Court cannot begin to guess which "exhibit A" or "exhibit B" Gravley is referencing. It is not the role of this Court to scour the record for evidence of Gravley's allegations. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 600 Fed.Appx. 393, 403 (6th Cir. 2015) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record.") (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Though the Court's discretion is wide in a Rule 33 Motion for a New Trial, it must have new evidence to weigh against the evidence presented at trial. Gravely has presented no such evidence and his motion for a new trial is denied.

## III

Accordingly, and for the reasons stated above, Gravley's Motion for a New Trial and/or to Dismiss his indictment with prejudice is **DENIED**. [R. 341]

This the 18th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge