UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim No.: 7:9-cr-13-GFVT-EBA-2 |
| ) | Related Civil No.: 7:13-cv-7271-GFVT-EBA |
| V. ) | |
| ) | |
| DWAUNE GRAVLEY, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Gravley's Motion for Exculpatory Information Pertaining to Investigation. [R. 380.] The Government has responded and briefing is complete. For the following reasons, Mr. Gravley's motion is DENIED.

**I**

On January 20, 2011, while an inmate at USP Big Sandy, Dwaune Gravley was charged with one count of first degree murder in violation is of 18 U.S.C. § 1111(a) and (b); one count of conspiracy to commit murder in violation of 18 U.S.C. § 1117; and four additional counts relating to the murder of fellow inmate Shamoni Peterson. [R. 190.] He was found guilty by a jury on all counts on April 1, 2011. [R. 297.] He was sentenced to life in prison on September 8, 2011. [R. 329.]

Gravley appealed to the Sixth Circuit and the judgment of this Court was upheld on October 15, 2014. [R. 379.] On April 1, 2013, Gravley filed his first Motion to Vacate pursuant to § 2255 and filed a supplemental § 2255 on February 1, 2016. [R. 364; R. 387.] He has also filed the instant motion, requesting exculpatory information. [R. 380.]

In the motion for exculpatory information, Gravley asks for "exculpatory information pertaining to investigation into allegations Paul Allan Woods III made to United States Attorney(s) that Mr. Gravley was planning to murder inmate 'Andre Player.'" [R. 380 at 1.] Gravley requests various pieces of exculpatory information, depositions, "institutional investigation reports," United States Marshall's investigation report," "name of the United States Marshall Paul Wood" spoke to regarding the incident in question, "a copy of all the inmate's names and numbers who were allegedly on the air plane the day in question," "transfer orders signed by warden" for inmates transported together, and "email sent by AUSA Mr. Pat Malloy (or letter sent) to Paul Woods' prosecuting attorney requesting woods receive a sentence reduction." [R. 380 at 1.]

## II

Woods is requesting no new exculpatory information, but is merely making the same arguments he has made repeatedly in his Motion for a New Trial [R. 341]; his habeas petition [R. 364]; before the Sixth Circuit [*see* R. 379]; his supplemental habeas petition [R. 387]; and his objections to Magistrate Judge Atkins's Recommended Disposition [R. 399]. Namely, he alleges that Woods perjured himself in numerous ways and the Government has not submitted proof of such perjury. The Court construes this as a *Brady* violation.

The due process clause requires the government to disclose favorable evidence to the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. In order to show a Brady violation, Gravley must prove that (1) evidence was favorable to him, because it was either exculpatory or

impeaching, (2) the government suppressed the evidence, either willfully or inadvertently, and (3) he was prejudiced by the nondisclosure. *Stickler v. Greene*, 119 S. Ct. 1936, 1948 (1999). Brady "is concerned only with cases in which the government possesses information which the defendant does not, and the government's failure to disclose the information deprives the defendant of a fair trial." *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994). A defendant is prejudiced when there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In order to assert a valid *Brady* claim, then, Gravley must prove that, had he possessed the information he is now seeking from the Government, the result of his proceeding would have been different. Woods's testimony had to be so crucial to the Government's case that, had Gravley been able to impeach him more fully, he would have been acquitted of all charges. This Court has already considered and dismissed that possibility:

> Here, because other witnesses corroborated Woods' testimony and because the government offered other evidence of Gravley's guilt, Woods was not a crucial government witness. The government called witnesses who either witnessed the crimes charged or claimed to have heard Gravley confess. There was also significant circumstantial evidence introduced to support the verdict (i.e. medical testimony from the pathologist, evidence that Gravley had the authority to order Milburne to commit the murder, evidence that Peterson had spoken ill of the gang with which Gravley and Milburne are affiliated, etc.). Thus, there is not a "reasonable probability" that, had the evidence been introduced, the verdict would have been different.

[R. 316 at 10.] The Sixth Circuit affirmed this reasoning, holding, "Woods's perjury, while useful as impeachment evidence, was not likely material nor likely to have produced Gravley's acquittal for at least two reasons: (1) other witnesses corroborated Woods's testimony; and (2) the Government offered other evidence of Gravley's guilt." [R. 379 at 25.] Gravley was not

3

prejudiced by the alleged non-disclosure of information he could have used to impeach Woods and the elements of a *Brady* violation are not met.

Because Gravley cannot meet the elements required for this Court to find a *Brady* violation, his request for exculpatory information, assuming that such exculpatory information even exists, is denied.

## III

Accordingly, and for the reasons stated above, Gravley's Motion for Exculpatory Information is **DENIED**. [R. 380.]

This the 15th day of September, 2017.